NOT DESIGNATED FOR PUBLICATION

No. 125,974

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEANGELO AVERY DOBBS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN J. BRYANT, judge. Submitted without oral argument. Opinion filed June 7, 2024. Affirmed.

*Judd L. Herbster*, of Herbster Law Firm, L.L.C., of Prairie Village, for appellant.

*Sherri L. Becker*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: DeAngelo Avery Dobbs timely appeals his convictions for possession of marijuana, second offense, and possession of drug paraphernalia after his bench trial. Dobbs claims the evidence was insufficient to identify him as the driver of the vehicle the marijuana and drug paraphernalia were taken from. After a complete review of the record, we find substantial competent evidence supports his convictions. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 2018, Atchison County Sheriff's Deputy Travis Wright responded to a fatality accident in rural Atchison County. Wright parked his patrol vehicle with his emergency lights activated, blocking the roadway to the accident and diverting traffic away from the scene. While diverting traffic, a red four-door Chrysler approached Wright, and the driver rolled down the window. Wright recognized the driver of the vehicle as Dobbs based on "numerous prior professional contacts."

Wright noted a strong odor of burnt marijuana emanating from the vehicle and asked the driver if he had been smoking. The driver stated he had not been smoking but admitted to smoking earlier. Wright shined his flashlight in the vehicle and saw a plastic baggie in plain view in the center console containing what Wright recognized as marijuana. The driver handed over the baggie at Wright's request. There was also a small, burnt hand-rolled cannabinoid cigarette, or "roach," in the baggie.

Because Wright was preoccupied with the fatality accident, he confiscated the baggie of marijuana and released Dobbs, directing Dobbs away from the scene. The Kansas Bureau of Investigation tested the substance and confirmed it was marijuana.

The State charged Dobbs with possession of marijuana, third offense, and possession of drug paraphernalia. Dobbs pled not guilty and waived his right to a jury trial. Wright was the State's sole witness at the bench trial. In his defense, Dobbs called Tori Downing, the mother of his three children, to testify on his behalf. Wright and Downing provided conflicting testimony as to who the driver of the vehicle was on the night of the incident.

The district court found the State failed to establish Dobbs had two prior convictions for possession of marijuana. The district court then found Dobbs guilty of

possession of marijuana, second offense, and possession of drug paraphernalia. The district court sentenced Dobbs to 12 months in jail for possession of marijuana, second offense, and 6 months in jail for possession of drug paraphernalia. The sentences were ordered to run concurrent with each other and to Dobbs' prison sentences in two other Atchison County cases.

ANALYSIS

Dobbs challenges the sufficiency of the evidence supporting his possession of marijuana and possession of drug paraphernalia convictions and asks us to reverse both convictions and vacate his sentences.

The standard of review for a sufficiency of the evidence challenge in a criminal case requires us to "'review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt.'" *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021). "There must be evidence supporting each element of a crime to meet the sufficiency of the evidence standard." *State v. Hilyard*, 316 Kan. 326, 330, 515 P.3d 267 (2022). We will not reweigh the evidence, resolve evidentiary conflicts, or make witness credibility determinations. *Aguirre*, 313 Kan. at 209. It is "only in rare cases" in which the "evidence [is] so incredulous no reasonable fact-finder could find guilt beyond a reasonable doubt" that a guilty verdict will be reversed. *State v. Torres*, 308 Kan. 476, 488, 421 P.3d 733 (2018).

Dobbs argues the district court erred in finding him guilty beyond a reasonable doubt of possession of marijuana and possession of drug paraphernalia. Dobbs suggests the evidence was insufficient to positively identify him as the driver of the vehicle Wright encountered and, therefore, insufficient to prove he possessed the marijuana and drug paraphernalia located in the vehicle.

3

Wright testified he recognized the driver as Dobbs—an individual Wright recognized through "numerous prior professional contacts"—and was certain of the identification of the driver. Wright explained, "[Dobbs] was not necessarily a resident of the area, but he'd been around for a good long while so I was confident that if I needed to find him, I could. So I let him go." Wright admitted it was very dark at the scene where the vehicle approached him, it was in a remote area, and he did not ask the driver to state his name or provide identification. Wright also did not obtain information about the vehicle, including the vehicle registration, insurance, or license plate number. Wright further acknowledged he was not wearing a body camera, did not have a dash camera on his patrol car, did not take photographs of the driver or the evidence collected from the driver, did not know who else had access to the vehicle, and did not know how tall the driver of the vehicle was because he was sitting down in the vehicle.

Dobbs called Downing as a witness to testify in his defense. Downing testified she owned the vehicle and Dobbs had no access to the vehicle in 2018. Rather, on the night of the incident, Downing's ex-boyfriend, who closely resembled Dobbs, had access to the vehicle. Downing testified her ex-boyfriend had long hair, braids, light skin, and facial hair like Dobbs and smoked marijuana. Downing's ex-boyfriend had passed away, and she could not produce a picture of him or remember what time he borrowed her vehicle.

The district court took the matter under advisement after the bench trial and found Dobbs guilty of possession of marijuana, second offense, and possession of drug paraphernalia. In fact, the district court concluded:

> "'In 19 CR 238, [the district court] does believe that Mr. Dobbs was the identified suspect, believed that the testimony was clear that the officer knew him by sight, and I don't believe that the officer would have let him go if he had any question about who Mr. Dobbs was.'"

4

Reviewing the evidence in the light most favorable to the State, a rational fact-finder could find Dobbs was the driver of the vehicle and possessed marijuana and drug paraphernalia based on Wright's testimony. Dobbs essentially asks us to reweigh the evidence—something we cannot do. See *Aguirre*, 313 Kan. at 209.

Affirmed.